**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JYOTI RAUT CHHETRI, | No. 11-71437 |
| Petitioner, | Agency No. A099-779-934 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:     HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Jyoti Raut Chhetri, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Chhetri claims she and her husband were attacked by Maoists in 2005. Substantial evidence supports the agency's adverse credibility determination based on the discrepancies between Chhetri's original declaration and her updated declaration and testimony regarding the number of men who allegedly attacked her, whether they beat her, and whether she suffered physical injuries during the attack. *See id.* at 1046-47, 1048 (concluding adverse credibility determination was reasonable under the totality of circumstances). The BIA reasonably rejected Chhetri's explanations. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Chhetri's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Chhetri's CAT claim also fails because it is based on the same statements found not credible, and she points to no other evidence compelling the finding that it is more likely than not she will be tortured if returned to Nepal. *See Shrestha*, 590 F.3d at 1049. We do not address Chhetri's contention that the IJ failed to consider the background materials in exhibit four, or to properly consider her

eligibility for CAT. *See Valdez-Munoz v. Holder*, 623 F.3d 1304, 1307-08 (9th Cir. 2010) ("When . . . the BIA conducts an independent review . . . this court reviews the BIA's decision and not that of the IJ.") (internal quotation marks and citation omitted). Chhetri does not raise any arguments regarding the BIA's CAT analysis.

**PETITION FOR REVIEW DENIED.**